ONDERDONK *v.* ONDERDONK *et al.*

*(Supreme Court, General Term, Second Department. May 18, 1889.)*

1. WILLS—CONSTRUCTION—PERPETUITIES.
   A bequest of money to executors, in trust, to pay the income to A. for life, and at her death, without issue, to B. for life, and at B.'s death to pay the capital sum to her next of kin, suspends absolute ownership for only two life-estates, and does not violate the rule against perpetuities.

2. SAME.
   A bequest of the income of a fund for life, on condition that the legatee shall never permit his interest to become incumbered, shall not marry without the consent of the executors until he attains the age of 28 years, shall not use liquors or tobacco, visit disreputable places, associate with immoral persons, etc., and shall abstain from other similar practices, and upon the death of the legatee leaving issue, or the violation of such conditions, to go to the legatee's children for life, is valid, and vests the legatee with a life-interest in the fund, at least until the breach of the conditions.

3. SAME.
   A clause providing generally that for certain faults in any of the beneficiaries of a will, such as idleness, profligacy, late-rising, Sabbath-breaking, etc., the provision in his favor shall not vest, or, if such habits shall be acquired after the provision in his favor has gone into operation, his interest shall be forfeited, the decision of the executors as to the existence of such faults to be final, will not invalidate any of the provisions for such beneficiaries.

4. SAME.
   A provision that on the death of a certain legatee without issue her portion shall be distributed among the testator's first wife's descendants who shall not have offended against any of the conditions of his will, does not invalidate the life-estate.

Appeal from special term, Queens county.

The first clause of the will of Horatio G. Onderdonk, deceased, directed a fund of $90,000 to be invested, and the income paid to his daughter Sarah for life, free from her husband's control. After her death, childless, the income was to be paid to her sister Catharine for life, and at her death the capital fund was to be paid to her next of kin of the blood of testator's first wife. The four succeeding clauses contained similar provisions for other children of testator. The seventh clause provided that $30,000 should be invested for the benefit of testator's son Francis, and the income thereof paid to him so long as he complied with certain conditions, among which were provisions against allowing his interest under the estate to become incumbered, marriage before the age of 28 years without the consent of at least three of the executors, the use of liquors or tobacco, visiting disreputable places, immoral associations, and many similar practices. Upon his death leaving issue, or his failure to comply with such conditions, the income was to go to the legatee's children for life. The thirty-ninth clause provided that if any of the persons provided for by his will should at the commencement of the provisions in his favor be guilty of certain practices, among which were idleness, profligacy, late-rising, Sabbath-breaking, etc., the provision in his favor should not take effect, or, if he should acquire such habits, then the provision was to become void. The executors were to be the sole judges as to the existence of such faults. By clauses 17 and 18 it was provided as to two of the legatees that upon their deaths without issue their portions should be distributed among such of testator's first wife's descendants who should not have offended against the provisions of the will. The language used was, "distributed among all my then living, complying first wife's descendants *per stirpes.*" John C. Onderdonk, testator's son, who received nothing under the will, sued to declare certain clauses, among which were those above mentioned, invalid. A demurrer to his complaint was sustained, and he appeals.

Argued before BARNARD, P. J., and PLATT and DYKMAN, JJ.

*Vanderpoel, Green & Cuming,* for appellant. *Geo. W. Van Slyck,* for respondents.

BARNARD, P. J. The provisions of the will contained in the sections numbered 1, 2, 3, 4, and 5 are in themselves unobjectionable. In each of those clauses a fund is created, and two life-estates charged thereon. At the end of the second life-estate the fee absolutely vests. The clause No. 7 is equally without legal objection. A fund is created, and it is provided that the life-estate shall be paid to one of the testator's sons. A number of things are stated in this clause that this son is expected not to do, and if he violates these conditions the life-estate is to be applied to his children during his life. The estate vests in these children after the son's death, absolutely and at once. The will is a proven will, and the plaintiff does not claim or aver that the son either has or is likely to violate the conditions. Until he does, he certainly has a valid life-estate.

Section 16 is also valid. The residuum of the estate is divided into six shares. None of these shares are held for over two lives in being at the testator's decease, and each share vests at the termination of the second life-estate. The only objection to sections 17 and 18 is that after the life-estate the fund goes to the "living, complying first wife's descendants *per stirpes.*" The will gives no indication of the testator's meaning of the word "complying," except that it speaks of the appointment of trustees to replace dead ones; that they be selected from testator's descendants, "if of pure moral character, sound mind, good judgment, complying with all of the conditions hereof." There is nothing in the use of this word which would, so far as the will speaks, prevent any designated beneficiary from taking his or her share in the fund. Section 19 merely provides that lapsed legacies are to go to the residuum, which would be so if the clause were stricken out. Section 25 is good for the same reason which is stated in support of section 18. The distribution is to be made among those of a class who have "never violated any lawful condition or requirement hereof." The conditions contained in section 26 are in respect to the income on life-estates, and do not violate any rule of law. The life-estate is to go to the beneficiary, and, if he has debts, the income is not to pay them, even as to such part as the life-estate does not need. The excess over the support needed is to go to the residuum. Section 20 is entirely harmless, whether legal or not. If one who takes under the will be a minor, the executors are to retain the share until the minor becomes of age. If the heir be incompetent, the testator wishes his executors to be the committee.

In the absence of proof, section 39 is harmless. Those take who by the will are entitled to take. The power given to the executor to determine the question as "sole judges" would be subject to judicial control. The probability of a beneficiary being or becoming subject to scrutiny in respect to the many conditions specified in the section will not prevent the vesting of the estate to persons who fill the conditions. It is in this view quite immaterial whether the conditions are precedent or subsequent. There is nothing harmful in the conditions, and, while it may require a very faultless person to take under them, it must, on the will alone, be assumed that the proper persons will take, as designed by the testator. The judgment should be affirmed, with costs. All concur.